IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Tyrone R. Allen** |
| | Name: First    Middle    Last |
| Debtor 2 (Spouse, if filing) | |
| | Name: First    Middle    Last |
| Case number: (If known) | **24-00560-13** |

Check if this is an amended plan ☑
Amends plan dated:  April 2, 2024

# Chapter 13 Plan

## Part 1:  Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☑ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☑ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.**

☐ **The plan sets out nonstandard provision(s) in Part 9.**

## Part 2:  Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$2,805** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** **Regular payments to the trustee will be made from future income in the following manner** (*check all that apply*):

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

| Debtor | **Tyrone R. Allen** | Case number | **24-00560-13** | Eff (01/01/2019) |

## 2.3 Income tax refunds and returns. *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:
_____
_____

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

## 2.4 Additional Payment *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## 2.5 Adequate Protection Payments

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

# Part 3: Treatment of Secured Claims

## 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

## 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of Secured Claim*. For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a nongovernmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a nongovernmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For nongovernmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For nongovernmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended proof of claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|

Chapter 13 Plan        Page 2 of 5

Case 24-00560-TOM13    Doc 28    Filed 05/10/24    Entered 05/10/24 09:22:34    Desc Main
Document    Page 2 of 5

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| **OneMain Financial** | **$88.00** | **$10,081.00** | **2012 Victory Vision** | **$8,741.00** | **$8,741.00** | **10.50%** | **$204.00** | **9/2024** |

**3.3** **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below:
1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| **Big Rig Lending** | $0.00 | $4,762.00 | 2006 Volvo 880 1500000 miles | $7,200.00 | 10.50% | $112.00 | 9/2024 |
| **Cadence Bank** | $384.00 | $44,482.00 | 2021 Genesis GVA | $38,400.00 | 6.00% | $942.00 | 9/2024 |
| **Freedom Road Financial** | $115.00 | $13,670.00 | 2020 Truimph Rocket 3 | $11,500.00 | 10.50% | $319.00 | 9/2024 |
| **Performance Finance** | $92.00 | $11,040.00 | 2021 Indian Challenger Motorcycle | $9,200.00 | 10.50% | $258.00 | 9/2024 |
| **TitleMax of Alabama** | $0.00 | $3,931.00 | 2005 Dodge Ram | $3,650.00 | 10.50% | $92.00 | 9/2024 |

**3.4** **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed and need not be reproduced.*
*The rest of § 3.4 will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ **Total avoidance.** Debtor(s) seek to totally avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment equals or exceeds the amount of the lien or security interest. Unless otherwise ordered by the court, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided in its entirety (as to the property described) upon entry of the order confirming the plan, and, unless otherwise provided by this plan or otherwise ordered, the creditor's entire claim will be treated as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(This section should be used if, after deducting the amount(s) of Debtor(s)' available exemption(s) and of any mortgage lien(s) or other unavoided lien(s) and security interest(s) that encumber the subject property, Debtor(s) have no equity in the property. Debtor(s)' schedules contain information regarding the property value(s) and information regarding the mortgage(s) and other lien(s) and security interest(s) that encumber the property).*

| Name of Creditor | Amount of Lien or Non-PPM Security Interest | Proof of Claim Number (if a claim is filed) | Property Description (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be sufficient property description. For an Non-PPM security interest, describe the items pledged as collateral for the claim) | Lien/Non-PPM Security Interest Identification (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information.) |
|---|---|---|---|---|
| Tower Loan | $3,442.00 | 6 | Household goods | UCC Lien |

**3.5** **Surrender of collateral.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

Part 4: **Treatment of Fees and Priority Claims**

**4.1** **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2** **Chapter 13 case filing fee.** *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3** **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**4,500.00**. The amount of the attorney fee paid prepetition is $**965.00**. The balance of the fee owed to Debtor(s)' attorney is $**3,535.00**, payable as follows (*check one*):

☑ $**2000** at confirmation and $**150** per month thereafter until paid in full, or
☐ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4** **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

Part 5: **Treatment of Nonpriority Unsecured Claims**

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2** **Percentage, Base, or Pot Plan.** *Check one.*

☑ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay _____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $_____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☐ Base Plan. This plan proposes to pay $_____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after

disbursements have been made to all other creditors provided for in this plan

**5.3** **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4** **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5** **Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

**Part 6: Executory Contracts and Unexpired Leases**

**6.1** **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2** **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**Part 7: Sequence of Payments**

**7.1** **Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.**

**Part 8: Vesting of Property of the Estate**

**8.1** **Property of the estate will vest in Debtor(s)** *(check one)*:

☑ Upon plan confirmation.

☐ Upon entry of Discharge

**Part 9: Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

**Part 10: Signatures:**

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)*:

X **/s/ Tyrone R. Allen**   Date **May 10, 2024**
   **Tyrone R. Allen**

**Signature of Attorney for Debtor(s):**
X **/s/ Joe S. Erdberg**   Date **May 10, 2024**
   **Joe S. Erdberg**
   **Land Title Building**
   **600 20th Street No, Suite 400**
   **Birmingham, AL 35203**
   **205-323-4500**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**